**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

CENTER FOR CONSTITUTIONAL RIGHTS
and AMERICAN IMMIGRATION COUNCIL,

      Plaintiffs,

           v.                           Civil Action No. 26-2439

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES, U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, and U.S.
DEPARTMENT OF HOMELAND SECURITY,

      Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.  This action under the Freedom of Information Act ("FOIA") seeks to compel Defendants U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security ("DHS") to produce improperly withheld records (or portions thereof) responsive to the Center for Constitutional Right's ("CCR") and American Immigration Council's ("AIC") requests for two noncitizens' immigration records.

2.  CCR and AIC filed the FOIA requests at issue to obtain immigration records critical to representing a noncitizen client and a potential noncitizen client.

3.  Having exhausted the administrative process for these requests without obtaining these records, CCR and AIC bring this FOIA action for injunctive and other appropriate relief.

**JURISDICTION AND VENUE**

4.  This court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C § 1331 since this action arises under FOIA against agencies of the United States.

1

5.   Venue lies in this district under 5 U.S.C § 552(a)(4)(B) and the doctrine of pendent venue: CCR maintains its principal place of business in this district and AIC's claims arise from a FOIA request "closely related" to CCR's FOIA request. *Cf. Mahmood v. Nielsen*, 312 F. Supp. 3d 417, 424 (S.D.N.Y. 2018) (exercising pendent venue over a closely related claim).

## **PARTIES**

6.   Plaintiff CCR is a nonprofit public interest legal and advocacy organization engaged in the fields of civil and international human rights and headquartered in New York, New York. CCR's diverse issue areas include litigation and advocacy around immigration, mass incarceration and prisoners' rights, racial justice and the protection of human rights defenders and the right to dissent. CCR's Open Records Project files numerous FOIA requests related to these issues, often litigates those requests in court, and has released to the public thousands of pages of documents produced via those requests over the past decade. CCR also regularly summarizes and publishes findings from its record requests and disseminates them to the press.

7.   Plaintiff AIC is a nonprofit educational and charitable organization. AIC strives to strengthen the United States by shaping immigration policies and practices through innovative programs, cutting-edge research, and strategic legal and advocacy efforts grounded in evidence, compassion, justice, and fairness. It authors factsheets, special reports, and blog posts on proposed and actual immigration policies, including USCIS FOIA processing. It also analyzes immigration data and other government records in interactive web reports, blog posts, and other publications. And it circulates these publications to hundreds of thousands of readers through its website, email newsletters, and an X (formerly known as Twitter) account with 64,900 followers, and other social media platforms.

8.   Defendant USCIS is a component of the DHS and an agency within the meaning of 5 U.S.C §§ 551(1), 552(f)(1), and 702. It maintains and operates the National Records Center in Lee's Summit, Missouri, which manages and stores noncitizens' immigration records, including their A-Files[1] and processes FOIA requests to USCIS and DHS for these records. USCIS has possession, custody, or control of records responsive to CCR's and AIC's requests.

9.   Defendant ICE is a component of the DHS and an agency within the meaning of 5 U.S.C §§ 551(1), 552(f)(1), and 702. It is responsible for enforcement of the immigration laws in the interior of the United States, the implementation of enforcement policies, and the apprehension and detention of noncitizens. ICE has possession, custody, or control of records responsive to CCR's and AIC's requests.

10. Defendant DHS is an agency within the meaning of 5 U.S.C §§ 551(1), 552(f)(1), and 702, of which USCIS and ICE are components. It "has a decentralized system for responding to FOIA requests" where requests for DHS records are directed to and processed by FOIA offices in USCIS, ICE and other individual components "that maintain[] the records sought." 6 C.F.R. § 5.3(a)(1). However, DHS rules, policies, and procedures govern its components' processing of FOIA requests. *Id.* § 5.1(a)-(c). As such, the DHS has possession, custody, and control of the records responsive to CCR's and AIC's requests. *Sanchez Mora v. U.S. Customs & Border Prot.*, Civil Action No. 24-3136, 2025 WL 1713252, at *5 (D.D.C. June 18, 2025) (FOIA "requests submitted to a DHS component . . . must also be understood as submitted to DHS, the parent agency.").

---

[1] "The A-File serves as the official record of an individual's immigration history." Notice of Modified Privacy Act System of Records, 82 Fed. Reg. 43,556, 43,557 (Sept. 18, 2017). It includes the individual's "immigration applications, petitions, and requests, as well as enforcement transactions as he or she passes through the U.S. immigration process" exclusive of some "case processing and decisional data." *Id.* at 43,559; *see also id.* at 43,559-61 (listing illustrative contents of an A-File).

3

**STATEMENT OF FACTS**

11. AIC filed Request No. NRC2025360394 with USCIS on July 31, 2025, for a potential client's A-File.

12. USCIS granted and denied NRC2025360394 in part on September 3, 2025: it identified eighty-eight responsive pages, released thirty-eight pages in full, and withheld twenty-six pages in part and another twenty-four pages in full.

13. On December 5, 2025, AIC appealed USCIS's determination on all withholdings.

14. USCIS received AIC's appeal that day and designated it as APP2026010965.

15. USCIS referred twenty-six pages to ICE for review and a direct response.

16. Similarly, CCR filed Request No. NRC2025373586 with USCIS on August 8, 2025, for a client's "complete immigration records and Alien File (A File)."

17. USCIS granted and denied NRC2025373586 in part on October 9, 2025: it identified 124 responsive pages, released thirty-nine pages in full and withheld seventeen pages in part and another sixty-eight pages in full.

18. CCR appealed USCIS's determination on all withholdings on January 5, 2026.

19. USCIS received CCR's appeal that day and designated it as APP2026013121.

20. USCIS referred forty-two pages to ICE for review and a direct response.

21. The statutory deadlines for Defendants to make determinations on CCR's and AIC's appeals have elapsed without USCIS, ICE, or DHS making any determination. *See* U.S.C. § 552(a)(6)(A)(i) (allocating Defendants twenty business days from receipt to make these determinations).

4

## CLAIM FOR RELIEF

### FAILURE TO MAKE RESPONSIVE RECORDS PROMPTLY AVAILABLE

22. CCR and AIC incorporate by reference ¶¶ 1-21.

23. CCR and AIC have a legal right under FOIA to obtain prompt production of all reasonably segregable non-exempt portions of each record responsive to NRC2025373586 and NRC2025360394 (hereinafter, "the Requests"). *Id.* § 552(a)(3)(A), 8(A)(ii)(II).

24. CCR and AIC also have a legal right under FOIA to obtain prompt production of all reasonably segregable exempt portions of each record responsive to the Requests whose disclosure would not result in reasonably foreseeable harm to an interest protected by the claimed exemption. *Id.* § 552(a)(8)(A)(i)(I).

25. Defendants have yet to make all non-exempt portions of these records available to CCR and AIC.

26. Nor have Defendants made available to CCR and AIC all exempt portions of these records whose disclosure would not result in reasonably foreseeable harm to a protected interest.

27. Defendants' failures to make these records promptly available to CCR and AIC violate FOIA. *Id.*

### PRAYER FOR RELIEF

WHEREFORE, CCR and AIC respectfully request that this Court grant the following relief:

a. Assume jurisdiction over the matter;

b. Expedite consideration of this case pursuant to 28 U.S.C. § 1657(a);

c. Order Defendants to disclose responsive non-exempt records promptly in their entirety, all reasonably segregable, non-exempt parts of other responsive records, and all

reasonably segregable exempt parts of these records whose disclosure would not result in reasonably foreseeable harm to an interest protected by the claimed exemption;

d.  Review any and all of Defendants' decisions to redact or withhold information in responsive records based on an exemption or a determination that disclosure would result in reasonably foreseeable harm to an interest protected by the claimed exemption;

e.  Award CCR and AIC costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

f.  Grant other such relief as the Court may deem just and proper.

Date: March 25, 2026                    Respectfully submitted,

   /s/ Chris Opila

Christopher ("Chris") Opila
AMERICAN IMMIGRATION COUNCIL
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699
copila@immcouncil.org

*Attorney for Plaintiffs*