UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTER FOR CONSITUTIONAL RIGHTS and AMERICAN IMMIGRATION COUNCIL, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and U. S. DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendants. | **ANSWER** <br><br> Civil Action No. 26-cv-2439 |

Defendants, U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security ("DHS"), by and through undersigned counsel, hereby responds to the Complaint of Center for Constitutional Rights and American Immigration Council as follows:

**INTRODUCTION[1]**

1.      Paragraph 1 consists of Plaintiffs' characterization of this action to which no response is required.  To the extent Paragraph 1 contains factual allegations to which a response is deemed required, Defendants respectfully refer the Court to the referenced requests for a true and complete statement of their contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in Paragraph 1.

---

[1] For ease of reference, Defendants replicates the headings contained in the Complaint.  Although Defendants believe that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

2.      Paragraph 2 consists of Plaintiffs' characterization of this action to which no response is required.  To the extent Paragraph 2 contains factual allegations to which a response is deemed required, Defendants respectfully refer the Court to the referenced requests for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

3.      Paragraph 3 consists of legal conclusions and Plaintiffs' characterization of this action and of the relief they are seeking, to which no response is required.

### JURISDICTION AND VENUE

4.      Paragraph 4 consists of legal conclusions regarding jurisdiction, to which no response is required.

5.      Paragraph 5 consists of legal conclusions regarding venue, to which no response is required.  The Government denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff CCR's principal place of business.

### PARTIES

6.      The government denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      The government denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Defendants admits that USICS is a component of DHS, which is an agency of the United States.  The remainder of the allegations in paragraph 8 constitute legal conclusions to which no response is required.

9.    Defendants admits that ICE is a component of DHS, which is an agency of the United States.  The remainder of the allegations in paragraph 9 constitute legal conclusions to which no response is required.

10.    Defendants admits that DHS is an agency of the United States.  The remainder of the allegations in paragraph 10 constitute legal conclusions to which no response is required.

## STATEMENT OF FACTS

11.    Defendants admit that Plaintiff AIC submitted a FOIA request to USCIS on July 31, 2025.  Defendants respectfully refer the Court to the referenced FOIA request for a complete and accurate statement of its contents and denies any allegation inconsistent therewith.

12.    Defendants admits that USCIS issued a final action on FOIA Request NRC2025360394 on September 3, 2025.  Defendants respectfully refer the Court to the referenced final action letter for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

13.    Defendants admit that Plaintiff AIC appealed USCIS's determination on December 5, 2025.  Defendants respectfully refer the Court to the referenced appeal letter for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

14.    Defendants admit that USCIS received Plaintiff's appeal on December 5, 2025, and assigned it Appeal Number APP2026010965.

15.    Defendants admit the allegations in Paragraph 15.

16.    Defendants admit that Plaintiff CCR submitted a FOIA request to USCIS on August 8, 2025.  Defendants respectfully refer the Court to the referenced FOIA request for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

17.     Defendants admit that USCIS issued a final action on FOIA Request NRC2025373586 on October 9, 2025.  Defendants respectfully refer the Court to the references final action letter for a complete and accurate statement of its contents and denies any allegation inconsistent therewith.

18.     Defendants admit that Plaintiff CCR appealed USCIS's determination on January 5, 2026.  Defendants respectfully refer the Court to the referenced appeal letter for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

19.     Defendant USCIS admits that it received Plaintiff's appeal on January 5, 2026, and assigned it Appeal Number APP2026013121.

20.     Defendants admit the allegations in Paragraph 20.

21.     Paragraph 21 constitutes legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 21.

## CLAIM FOR RELIEF

22.     Defendants incorporate by reference their answers to paragraphs 1-21.

23.     Paragraph 23 constitutes legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 23.

24.     Paragraph 24 constitutes legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 24..

25.     Paragraph 25 constitutes legal conclusions to which no response is required, to the extent a response is required the Defendants deny.

26.     Paragraph 26 constitutes legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 26..

27.    Paragraph 27 constitutes legal conclusions to which no response is required To the extent a response is deemed required, Defendants deny the allegations in Paragraph 27.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint set forth Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendants allege the following additional defenses to the Complaint.  In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs.

## FIRST DEFENSE

Plaintiffs are not entitled to compel the production of records protected from disclosure by one or more of the exemptions or exclusions to the FOIA.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiffs are not entitled to injunctive relief, declaratory relief, mandamus, attorneys' fees, costs of suit, or any damages whatsoever.

Dated: May 6, 2026
      New York, New York

                    JAY CLAYTON
                    United States Attorney for the
                    Southern District of New York

         By:     /s/ Chibogu Nneka Nzekwu
                    C. Nneka Nzekwu
                    Assistant United States Attorney
                    86 Chambers Street, Third Floor
                    New York, New York 10007
                    Tel.: (212) 637-2737
                    E-mail: Chibogu.Nzekwu@usdoj.gov
                    *Attorney for Defendants*